```
 1  DON E. LANSON, ESQ, SBN:163414
    DAVID V. HADEK, ESQ, SBN: 193154
 2  MANFREDI, LEVINE, ECCLES, MILLER & LANSON, APC
    3262 E. Thousand Oaks Blvd., Suite 200
 3  Westlake Village, CA 91362-3400
    Telephone: (805) 379-1919
 4  Facsimile:  (805) 379-3819

 5  Attorneys for Defendants
    SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN and KENNETH A.
 6  SOLOMON
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MATTHEW WILSON,<br><br>Plaintiff,<br><br>vs.<br><br>SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN, an ERISA plan; KENNETH A. SOLOMON<br><br>Defendant. | Case No.: CV-12-01379 CAS (JEMx)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN and KENNETH A. SOLOMON (collectively, the **"Solomon Defendants"**) hereby answer the Complaint (the **"Complaint"**) filed by Plaintiff MATTHEW WILSON (the **"Plaintiff"**) as follows:

## ANSWER

1. Answering Paragraph 1 of the Complaint, the Solomon Defendants admit this action has been brought pursuant to ERISA, 29 USC 1132(a)(1)(B), (a)(3) and (e)(1). The Solomon Defendants, however, deny, generally and specifically, that Plaintiff is entitled to any

relief under ERISA.

2. Answering Paragraph 2 of the Complaint, the Solomon Defendants lack sufficient information or belief upon which to admit or deny the allegations contained therein, and, therefore, the Solomon Defendants deny, generally and specifically, each and every allegation contained therein.

3. Answering Paragraph 3 of the Complaint, the Solomon Defendants admit that the Solomon Entities Defined Benefit Pension Plan is an ERISA plan. The Solomon Defendants deny, generally and specifically, the remaining allegations contained in Paragraph 3.

4. Answering Paragraph 4 of the Complaint, the Solomon Defendants lack sufficient information or belief upon which to admit or deny the allegations contained therein, and, therefore, the Solomon Defendants deny, generally and specifically, each and every allegation contained therein.

5. Answering Paragraph 5 of the Complaint, the Solomon Defendants lack sufficient information or belief upon which to admit or deny the allegations contained therein, and, therefore, the Solomon Defendants deny, generally and specifically, each and every allegation contained therein.

6. Answering Paragraph 6 of the Complaint, the Solomon Defendants deny, generally and specifically, each and every allegation contained therein.

7. Answering Paragraph 7 of the Complaint, the Solomon Defendants admit that Plaintiff was employed by the Institute of Risk and Safety Analysis until Plaintiff resigned on or about December 8, 2009. The Solomon Defendants deny, generally and specifically, the remaining allegations contained in Paragraph 7.

8. Answering Paragraph 8 of the Complaint, the Solomon Defendants admit that Plaintiff was employed by the Institute of Risk and Safety Analysis until Plaintiff resigned on or about December 8, 2009. Answering the remaining allegations of Paragraph 8, the Solomon Defendants lack sufficient information or belief upon which to admit or deny the allegations contained therein, and, therefore, the Solomon Defendants deny, generally and specifically,

each and every allegation contained therein.

9. Answering Paragraph 9 of the Complaint, the Solomon Defendants allege that Exhibit 1 to the Complaint speaks for itself and deny, generally and specifically, the assertions and contentions contained in Exhibit 1.

10. Answering Paragraph 10 of the Complaint, the Solomon Defendants allege that Exhibit 2 to the Complaint speaks for itself and deny, generally and specifically, the assertions and contentions contained in Exhibit 2.

11. Answering Paragraph 11 of the Complaint, the Solomon Defendants allege that Exhibit 3 to the Complaint speaks for itself and deny, generally and specifically, the assertions and contentions contained in Exhibit 3.

12. Answering Paragraph 12 of the Complaint, the Solomon Defendants allege that Exhibit 4 to the Complaint speaks for itself.

13. Answering Paragraph 13 of the Complaint, the Solomon Defendants allege that Exhibit 5 to the Complaint speaks for itself and deny, generally and specifically, the assertions and contentions contained in Exhibit 5.

14. Answering Paragraph 14 of the Complaint, the Solomon Defendants allege that Exhibit 6 to the Complaint speaks for itself.

15. Answering Paragraph 15 of the Complaint, the Solomon Defendants allege that Exhibit 7 to the Complaint speaks for itself and deny, generally and specifically, the assertions and contentions contained in Exhibit 7 that Plaintiff has been damaged and/or is entitled to pursue his claim(s) for recovery of benefits.

16. Answering Paragraph 16 of the Complaint, the Solomon Defendants allege that Exhibit 8 to the Complaint speaks for itself.

17. Answering Paragraph 17 of the Complaint, the Solomon Defendants allege that Exhibit 9 to the Complaint speaks for itself and deny, generally and specifically, the assertions and contentions contained in Exhibit 9 that Plaintiff has been damaged and/or is entitled to pursue his claim(s) for recovery of benefits.

18. Answering Paragraph 18 of the Complaint, the Solomon Defendants allege that

1  Exhibit 10 to the Complaint speaks for itself and deny, generally and specifically, the assertions and contentions contained in Exhibit 10 that Plaintiff has been damaged and/or is entitled to pursue his claim(s) for recovery of benefits.

19. Answering Paragraph 19 of the Complaint, the Solomon Defendants allege that Exhibit 11 to the Complaint speaks for itself.

20. Answering Paragraph 20 of the Complaint, the Solomon Defendants allege that Exhibit 12 to the Complaint speaks for itself and deny, generally and specifically, the assertions and contentions contained in Exhibit 12 that Plaintiff has been damaged and/or is entitled to pursue his claim(s) for recovery of benefits.

21. Answering Paragraph 21 of the Complaint, the Solomon Defendants allege that Exhibit 13 to the Complaint speaks for itself.

22. Answering Paragraph 22 of the Complaint, the Solomon Defendants allege that Exhibit 14 to the Complaint speaks for itself.

23. Answering Paragraph 23 of the Complaint, the Solomon Defendants admit that Plaintiff filed a complaint on May 23, 2011 in the Central District and that Plaintiff's action was dismissed without prejudice. The Solomon Defendants deny, generally and specifically, the remaining allegations contained in Paragraph 23.

24. Answering Paragraph 24 of the Complaint, the Solomon Defendants admit the allegations contained therein.

25. Answering Paragraph 25 of the Complaint, the Solomon Defendants admit that a hearing was held on December 15, 2011, pursuant to section 2.8 of the Solomon Entities Defined Benefit Pension Plan. The Solomon Defendants, however, deny, generally and specifically, that Plaintiff filed his appeal within time period required under section 2.8 of the Solomon Entities Defined Benefit Pension Plan.

26. Answering Paragraph 26 of the Complaint, the Solomon Defendants allege that Exhibit 16 to the Complaint speaks for itself and admit that the letter attached as Exhibit 16 was sent on or about February 3, 2012. The Solomon Defendants deny, generally and specifically, the remaining allegations contained in Paragraph 26.

27. Answering Paragraph 27 of the Complaint, the Solomon Defendants deny, generally and specifically, the allegations contained in Paragraph 27.

28. Answering Paragraph 28 of the Complaint, the Solomon Defendants deny, generally and specifically, the allegations contained in Paragraph 28.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State Cause of Action)

1. The Plaintiff's Complaint and each purported cause of action therein fails to state a cause of action as to the Solomon Defendants.

### SECOND AFFIRMATIVE DEFENSE

(Vague, Ambiguous and Uncertain)

2. The Plaintiff's Complaint and each purported cause of action therein is vague, ambiguous, and uncertain as to the Solomon Defendants.

### THIRD AFFIRMATIVE DEFENSE

(Laches)

3. The Plaintiff's Complaint is barred by laches, in that Plaintiff did not act on his purported rights, to the detriment of the Solomon Defendants.

### FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

4. The Solomon Defendants allege on information and belief that Plaintiff is estopped from any recovery against the Solomon Defendants, based upon his actions in the transactions at issue and in this case.

### FIFTH AFFIRMATIVE DEFENSE

(Waiver)

5. By virtue of his actions in connection with the events alleged in the Complaint, Plaintiff has waived in whole or in part his rights, if any, to assert his claims.

///
///

MANFREDI, LEVINE, ECCLES, MILLER & LANSON, APC
3262 E. THOUSAND OAKS BLVD., SUITE 200
WESTLAKE VILLAGE, CALIFORNIA 91362-3400

### SIXTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

6. Plaintiff's claims are barred by the applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

7. Plaintiff, by words, conduct, acts and deeds, has acted with unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

(Justification or Privilege)

8. Both by statute and common law, the Solomon Defendants were privileged and justified in acting as they did.

### NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

9. Plaintiff failed to mitigate his damages, if there were any, which the Solomon Defendants expressly deny.

### TENTH AFFIRMATIVE DEFENSE

(No Waiver of Any Affirmative Defenses)

10. The Solomon Defendants' assertion of specific affirmative defenses herein does not constitute a waiver of any other affirmative defenses not asserted herein, and the Solomon Defendants reserve the right to assert any applicable affirmative defenses disclosed by their investigation and discovery in this matter.

### ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Do Equity)

11. As a separate affirmative defense, the Solomon Defendants allege that no relief may be obtained under the Complaint, or any cause of action therein, by reason of the Plaintiff's failure to do equity.

///

///

///

## TWELFTH AFFIRMATIVE DEFENSE

(Failure of Performance)

12. The Solomon Defendants allege on information and belief that the Plaintiff's Complaint and each and every cause of action therein is barred because the Plaintiff acted with negligence and/or bad faith concerning the matters alleged in his Complaint, breached obligations owed to the Solomon Defendants and engaged in other wrongful conduct precluding any recovery against the Solomon Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

13. As a separate affirmative defense, the Solomon Defendants allege that no relief may be obtained under the Complaint, or any cause of action therein, by reason of the Plaintiff's failure to exhaust his administrative remedies as required by ERISA prior to bringing this suit.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Other Parties Responsible)

14. The Solomon Defendants are informed and believe, and based thereon allege, that if it should be found that the Solomon Defendants are in any manner responsible for any injury or damages, if any, sustained by Plaintiff, any such injury or damages were proximately caused and contributed to by parties other than the Solomon Defendants. Accordingly, any damages found to be recoverable by Plaintiff should be reduced in pro-ration to the amount of fault attributable to such other parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

15. Plaintiff is barred from any recovery against the Solomon Defendants because Plaintiff's damages are speculative.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to Comply with Statute)

16. The Complaint and each and every cause of action therein is barred because Plaintiff has failed to comply with the provisions of statutes pursuant to which his claims are

brought and therefore cannot obtain recovery under these acts.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Failure of Conditions)

17. Plaintiff's claims are barred by failure of consideration and failure of conditions precedent.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Time Barred by Plan Provisions)

18. Plaintiff's claims are time-barred by the provisions of the applicable defined benefit pension plan, as Plaintiff failed to appeal or otherwise request a hearing within the applicable time period after receipt of notice of denial.

Dated: April 12, 2012

MANFREDI, LEVINE, ECCLES,
MILLER & LANSON, APC

By: /s/ DAVID V. HADEK
DON E. LANSON
DAVID V. HADEK
Attorneys for Defendants
SOLOMON ENTITIES DEFINED
BENEFIT PENSION PLAN and KENNETH
A. SOLOMON

# PROOF OF SERVICE

COUNTY OF VENTURA    )
                     ) ss.
STATE OF CALIFORNIA  )

I, the undersigned, hereby declare that: I am over the age of 18 and not a party to the within action. I am employed in the County of Ventura, State of California. My business address is Manfredi, Levine, Eccles, Miller & Lanson, 3262 E. Thousand Oaks Boulevard, Suite 200, Westlake Village, California 91362.

On April 12, 2012, I served the foregoing document(s) described as:

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

on the interested parties by placing a true copy thereof in a sealed envelope addressed as follows:

Paul A. Fleishman, Esq.
THE FLEISHMAN LAW FIRM
5850 Canoga Ave., 4th Floor
Woodland Hills, CA 91367

in the following manner:

[X] **VIA U. S. MAIL:** I deposited such envelope(s) with postage thereon fully prepaid, in the United States Mail at Westlake Village, California.

[ ] **VIA CERTIFIED U. S. MAIL:** I deposited such envelope(s) with postage thereon fully prepaid, in the United States Mail at Westlake Village, California.

[ ] **VIA FACSIMILE:** I delivered said document(s) by facsimile transmission to the above telephone fax numbers.

[ ] **VIA OVERNIGHT MAIL:** I shipped said document(s) FedEx Priority Overnight in an envelope / package designated by Federal Express addressed to the above person(s) to be served.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration is executed on April 12, 2012, at Westlake Village, California.

/s/   Donna Vidaurrazaga
Donna Vidaurrazaga

121433