UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

# CIVIL MINUTES - GENERAL

| Case No. | CV 12-1379-CAS (JEMx)<br>CV 12-1380-CAS (JEMx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | CHARAN MELLOR V. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN, ET AL.<br>MATTHEW WILSON V. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:** (In Chambers:) **DEFENDANT'S MOTION FOR ATTORNEYS' FEES** (filed May 24, 2013) [86]

## I. INTRODUCTION

On February 17, 2012, plaintiffs Charan Mellor and Matthew Wilson filed their respective suits against defendants Solomon Entities Defined Benefit Pension Plan, Kenneth A. Solomon ("Solomon defendants"), and Does 1–10, inclusive. Plaintiffs' claims arise out of the allegedly improper payment of pension benefits in accordance with the terms of an ERISA-governed plan.

On April 5, 2013, the Court held a consolidated bench trial at which all parties appeared. On May 3, 2013, the Court found in favor of defendants, concluding that defendants did not abuse their discretion in interpreting the Plan to deny plaintiffs' claims for additional benefits.

On May 24, 2013, defendants filed the instant motion for attorneys' fees. Dkt. No. 93. Each plaintiff opposed the motion on June 21, 2013, and defendants replied on June 25. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1379-CAS (JEMx)<br>CV 12-1380-CAS (JEMx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | CHARAN MELLOR V. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN, ET AL.<br>MATTHEW WILSON V. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN, ET AL. | | |

## II. BACKGROUND

Plaintiffs Charan Mellor and Matthew Wilson are former employees of The Laboratory of Risk & Safety Analyses, Inc. ("the employer"), which is owned and operated by defendant Kenneth A. Solomon. The employer and Solomon established the Solomon Entities Defined Benefit Pension Plan and Trust ("the Plan") in February 1998. The Plan was amended and restated in its entirety effective February 1, 2002, and amended again on December 4, 2009, retroactive to February 1, 2008.

In late 2009, each plaintiffs' employment was terminated and they elected to each receive their accrued benefits under the Plan in the form of a lump-sum payment. Liden, Nestle, Soled & Associates, Inc. ("Liden"), the third-party administrator, calculated the lump-sum benefit owed to each plaintiff using the "segmented rates" provided for in the 2009 Amendment. Each plaintiff was paid this lump sum amount.

On July 10, 2010, plaintiffs, through their attorney, informed defendants of their contention that the defendants applied the wrong rate in calculating their lump-sum benefits. Rather than directly addressing the merits of plaintiffs' contentions, defendants responded on August 6, 2010, that they had not abused their discretion in calculating the benefits owed to each plaintiff under the terms of the amended plan. Plaintiffs responded, again raising their argument that the wrong rate had been used to calculate the actuarial equivalent of their lump sum benefit and seeking clarification as to defendants' interpretation of the Plan that allowed for the use of segmented rates.

On December 9, 2010, and January 12, 2011, counsel for defendants responded that defendants had a number of counter-claims that they could assert against plaintiffs arising out of plaintiffs' employment and sought to discuss a potential settlement of all parties' claims, in exchange for payment of defendants' attorneys' fees incurred to date. Plaintiffs declined this offer. In response, Mellor also wrote a letter directly to defendant Solomon, raising various peripheral matters, including his contention that Solomon's actions likely violated 29 U.S.C. §§ 1140 and 1141.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1379-CAS (JEMx)<br>CV 12-1380-CAS (JEMx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | CHARAN MELLOR V. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN, ET AL.<br>MATTHEW WILSON V. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN, ET AL. | | |

On May 23, 2011, plaintiffs each filed suit against defendants in this Court. On September 26, 2011, the Court granted defendants' motions to dismiss in both cases, finding that plaintiffs had failed to exhaust their administrative remedies.

After plaintiffs formally requested an administrative hearing, defendants held a hearing on December 15, 2011. Thereafter, Solomon again denied plaintiffs' claims for benefits. First, the Administrator concluded that each plaintiff had not complied with section 2.7 of the Plan, which requires a proper claim to be submitted in a timely fashion. Second, the Administrator found that plaintiffs' claims should be denied for the reasons set forth in Liden's previous communications that had been provided to plaintiffs; namely, that the Plan permitted the use of the segmented rates in calculating plaintiffs' lump-sum payments. Plaintiffs then filed the instant suit.

After a bench trial, the Court issued its Findings of Fact and Conclusions of Law. The Court found, *inter alia*, that defendants' interpretation of the amended Plan was reasonable in light of the "tremendous ambiguity" in section 1.3 of the Plan concerning the proper interest rate to be applied. Thereafter, defendants filed this motion.

## III. LEGAL STANDARD

Pursuant to 29 U.S.C. § 1132(g), a court "in its discretion may allow a reasonable attorney's fee and costs . . . to either party" to an ERISA action. Where a plan participant or beneficiary prevails in a suit brought under section 1132, an award of attorney's fees is ordinarily appropriate "unless special circumstances would render such an award unjust." Nelson v. EG & G Energy Measurements Grp., Inc., 37 F.3d 1384, 1392 (9th Cir. 1994) (quoting Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir. 1985)). This principle recognizes the "remedial purpose of ERISA on behalf of beneficiaries and participants." Honolulu Joint Apprenticeship & Training Comm. of United Ass'n Local Union No. 675 v. Foster, 332 F.3d 1234, 1240 (9th Cir. 2003). Although fees may equally be awarded to prevailing plans under this section, "the equitable factors set forth in Hummell very frequently suggest that attorney's fees should not be charged against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1379-CAS (JEMx)<br>CV 12-1380-CAS (JEMx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | CHARAN MELLOR V. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN, ET AL.<br>MATTHEW WILSON V. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN, ET AL. | | |

ERISA plaintiffs." Credit Managers Ass'n of S. California v. Kennesaw Life & Acc. Ins. Co., 25 F.3d 743, 748 (9th Cir. 1994) (citation omitted).

When exercising its discretion to award attorney's fees, five factors should be considered:

(1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

Canseco v. Construction Laborers Pension Trust for Southern California, 93 F.3d 600, 609–10 (9th Cir. 1996); see also Hummel v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980). These five factors are referred to as the "Hummel factors."

If an award of attorney's fees is justified, the amount is calculated "using a hybrid lodestar/multiplier approach." McElwaine v. US West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999). "To calculate the 'lodestar' amount, [courts] multiply the number of hours reasonably expended by the attorney(s) on the litigation by a reasonable hourly rate, raising or lowering the lodestar according to factors identified by this circuit." Id. While a multiplier can be used, "[t]he lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed factual findings . . . that the lodestar amount is unreasonably low or unreasonably high." Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1379-CAS (JEMx)<br>CV 12-1380-CAS (JEMx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | CHARAN MELLOR V. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN, ET AL.<br>MATTHEW WILSON V. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN, ET AL. | | |

## IV. ANALYSIS

After weighing the Hummell factors, the Court concludes that an award of attorneys' fees to defendants is not warranted in this case.

First, the Court does not find that plaintiffs acted in bad faith in pursuing their claims for additional contributions from the Plan, as plaintiffs had a "reasonable belief that they could prove an actionable ERISA claim." Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223, 1236 (9th Cir. 2000). Long before filing suit, plaintiffs informed defendants of their contention that the defendants applied the wrong rate in calculating their lump-sum benefits. Defendants failed to respond substantively to plaintiffs' contentions, other than to claim that the Plan Administrator did not abuse his discretion. Thereafter, plaintiffs continued to seek an explanation for the denial of additional benefits, but it took over a year for defendants to provide one. During that time, it was defendants who first threatened to commence unrelated "legal proceedings" against Wilson for arising out of an alleged breach of his employment agreement. Taken as a whole, the record establishes that plaintiffs sought to remedy what they perceived to be an improper calculation of their benefits in good faith. This factor weighs against a fee award.

Second, as set forth in the sworn declarations of both plaintiffs, neither currently has the ability to satisfy a fee award in the tens of thousands of dollars. This factor weighs against an award of attorneys' fees.

Third, there is no strong need to deter further actions of this kind. The need to litigate this action at all could have been avoided if defendants had disclosed their reasons under the Plan for denying plaintiffs' claims for additional benefits from the outset. Plaintiffs sought to obtain what they believed to be the proper amount of benefits under the ambiguous language of the Plan, a right which is expressly granted to them under 29 U.S.C. § 1132(a)(1)(B). In response, defendants summarily denied plaintiffs' request without explanation and threatened litigation. There is no need to deter plaintiffs from bringing suit based on the facts of this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1379-CAS (JEMx)<br>CV 12-1380-CAS (JEMx) | Date | July 9, 2013 |
|---|---|---|---|
| Title | CHARAN MELLOR V. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN, ET AL.<br>MATTHEW WILSON V. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN, ET AL. | | |

The fourth factor, "whether the party seeking fees sought to benefit all participants or beneficiaries in an ERISA plan or to resolve a significant legal question," does not favor an award of fees here. See Foster, 332 F.3d at 1239. Defendants did not resolve any significant legal questions by way of this case, nor did defendants seek to benefit the participants in the defined-benefit ERISA plan at issue.

The fifth factor—the relative merits of the parties' positions—tips in defendants' favor, but not significantly. The Plan as amended was ambiguous with respect to the interest rates that must be used to calculate the lump sum benefit for each plaintiff, although the Court ultimately found defendants' interpretation to be the more reasonable one.

Considering the Hummel factors as a whole, the Court finds that an award of fees to defendants is not warranted here. Other than the relative merits of the parties' positions, all of the factors weigh against an award of fees. In the absence of any evidence of bad faith on the part of plaintiffs and defendants' own failure to articulate the precise reasons for their denial of benefits until late in the course of this controversy, it would be inequitable under Hummel to award fees to defendants.

## V. CONCLUSION

In accordance with the foregoing, defendants' motion for attorneys' fees is hereby DENIED.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |